Filed 6/28/16  P. v. Mestre CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>FRANK JOSEPH MESTRE,<br><br>　　Defendant and Appellant. | G051414<br><br>(Super. Ct. No. 13WF1205)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Christopher Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Jean Matulis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Andrew Mestman and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

\*　　　　\*　　　　\*

Frank Joseph Mestre appeals from a Proposition 47 resentencing order. He contends the trial court erred in sentencing him to one year of parole under Penal Code section 1170.18, subdivision (d), (all further undesignated statutory references are to this code unless otherwise indicated) because he already had completed his felony prison sentence. He also argues the trial court erred in failing to apply his excess custody credits to reduce his parole term, as well as his fines and fees. For the reasons expressed below, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

In May 2013, Mestre pleaded guilty to felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) committed on April 22, 2013. In September 2013, the trial court imposed a 16-month prison term and also ordered him to pay "a number of fines and fees as directed through the" Department of Corrections and Rehabilitation. The court did not specify the fines and fees on the record. The plea agreement specified a $280 restitution fine, as did the court's minutes, and the abstract of judgment. In January 2014, authorities released Mestre to postrelease community supervision (PRCS).[1]

In January 2015, Mestre filed a petition seeking to designate his conviction as a misdemeanor (§ 1170.18, subd. (f)), or to recall his felony conviction, reduce the conviction to a misdemeanor, and resentence him. (§ 1170.18, subd. (a).) At a hearing on January 22, 2015, the trial court granted the recall petition and resentenced Mestre to 365 days in jail with custody and conduct credits of 365 days. The court imposed a one-year parole period over Mestre's objection he already had served the maximum time permissible on his sentence.

---

[1]     In June 2015, we granted judicial notice of probation department documents reflecting Mestre was released on PRCS on January 1, 2014, and his supervision was scheduled to expire on December 31, 2016.

II

DISCUSSION

In his opening brief filed in June 2015, Mestre contends the trial court erred by imposing a one year parole period. He argues a person on PRCS (§ 3450 et seq.) is not currently serving his sentence (§ 1170.18, subd. (a)) and is therefore not subject to parole (§ 1170.18, subd. (d); cf. § 1170.18, subd. (f)). Alternatively, he asserts the trial court abused its discretion by imposing parole because he had served his entire term of imprisonment and more than one year on PRCS, and the court erred in failing to apply excess custody credits to reduce his parole term.

He also notes the court imposed a $280 restitution fine (§ 1202.4, subd. (b)(1)) at the original sentencing in May 2013, but did not address the fine at the resentencing hearing in January 2015. He asserts the court's failure to exercise discretion concerning the fine at the resentencing hearing was an abuse of discretion, and he is entitled to have the remaining credits that exceed his time in custody and on community supervision applied to reduce his restitution fine at the rate of $30 per day (§ 2900.5, subd. (a)).

The trial court did not err in recalling the sentence under section 1170.18, subdivision (a), and imposing a one-year parole period without using any excess custody credits to reduce Mestre's parole period. (*People v. Morales* (June 16, 2016, S228030) ___ Cal.4th ___ (*Morales*) [credit for time served does not reduce the parole period required by section 1170.18, subd. (d)].) Although the Supreme Court's decision in *Morales* did not expressly decide whether a person who has completed a prison term and placed on PRCS is still "serving a sentence" (§ 1170.18, subds. (a), (d)), this court concluded in *People v. Morales* 238 Cal.App.4th 42 that PRCS is part of the sentence, and this holding is implicit in the Supreme Court's opinion in *Morales*. In any event, Mestre's parole ended in January 2016. As he is presumably no longer on parole, any discussion of the issue is superfluous. (See *Eye Dog Foundation v. State Board* (1967)

3

67 Cal.2d 536, 541 [duty of appellate court is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions or to declare principles or rules of law which cannot affect the matter in issue].)

Concerning the restitution fine (§ 1202.4, subd. (b)), the trial court recalled and resentenced Mestre in January 2015, and the record does not reflect the court imposed any fines. Mestre did not object at his resentencing that the court failed to reduce the fine previously imposed in September 2013. Additionally, Mestre pleaded guilty in May 2013 and agreed the court would order him to pay a fine of between $280 and $10,000. As part of the plea agreement, he also agreed to "waive and give up his right to appeal from any legally authorized sentence the court imposes which is within the terms and limits of th[e] plea agreement." A $280 restitution fine was within the terms of the plea agreement and was authorized for a misdemeanor in April 2013 when Mestre committed his offense. (Former § 1202.4, subd. (b) ["If the person is convicted of a misdemeanor, the fine shall not be less than . . . one hundred forty dollars ($140) starting on January 1, 2013, . . . , and not more than one thousand dollars ($1,000)].) Finally, Mestre has not established he had any excess credits that would reduce the amount of his fine. We discern no cognizable error concerning the restitution fine.

## III

### DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.